IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL R. WARE,                                              Civil No. 05-3033-CO

    Plaintiff,                                              FINDINGS AND RECOMMENDATION

v.

UNITED STATES DEPARTMENT OF
INTERIOR; et al.,

    Defendants.

COONEY, Magistrate Judge:

    Plaintiff Michael Ware, proceeding pro se, has filed a "Petition for Review" under 5 U.S.C. §§ 701-706, the Administrative Procedures Act (APA), alleging that the subject matter "involves the above stated United States agency's questionable adherence to the rules and standards of the 1974 Privacy Act and the Freedom of Information Act." (Pet'n at 1.) This court may have jurisdiction pursuant to 28 U.S.C. § 1331. Before the court is defendants' motion to compel (#9) to which plaintiff objects.

## DISCUSSION

    In their motion to compel, defendants assert that the court lacks subject matter jurisdiction

Findings and Recommendation - 1

under the APA because a statutory remedy under the Privacy Act exists.  Federal Rules of Civil Procedure 12(h)(3) provides:  "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."   Here, defendants have raised the issue by their answer and their  motion to compel.  However denominated, if the submission raises the issue of lack of subject matter jurisdiction, the court should treat it as a suggestion that the court lacks jurisdiction.  Mertens v. Flying Tiger Line, Inc., 35 F.R.D. 196 (S.D.N.Y. 1963), aff'd, 341 F.2d 851 (2d Cir. 1965); see 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §§ 1350, 1393 (1990).  Lack of subject matter jurisdiction may also be raised by the court on its own motion.  Rockwell Int'l Credit Corp. v. United States Aircraft Ins. Group, 823 F.2d 302, 303 (9th Cir. 1987), overruled on another ground by Partington v. Gedan, 923 F.2d 686 (9th Cir. 1991); Tanzymore v. Bethlehem Steel Corp., 457 F.2d 1320, 1323 (3d Cir. 1972).

     While the APA does not provide an independent basis for subject matter jurisdiction, the court will have jurisdiction under 28 U.S.C. § 1331 over challenges to federal agency action as claims arising under federal law, unless review is expressly precluded by statute.  Thus, the APA provides a waiver of sovereign immunity in suits seeking judicial review of a federal agency action under § 1331.  Gallo Cattle Co. v. U.S. Dept. of Agric., 159 F.3d 1194, 1198 (9th Cir. 1998).  However, this waiver of sovereign immunity is limited.  "[F]ederal courts lack jurisdiction over APA challenges whenever Congress has provided another 'adequate remedy.'"  Brem-Air Disposal v. Cohen, 156 F.3d 1002, 1004 (9th Cir. 1998); Gallo Cattle, 159 F.3d at 1198.  5 U.S.C. § 704 expressly  limits the scope of APA review of agency action, see 5 U.S.C. § 702, by providing in pertinent part that, "Agency action made reviewable by statute and final agency action for which

Findings and Recommendation - 2

there is no other adequate remedy in a court are subject to judicial review. . . ."  "Under the second prong–whether there is an adequate remedy–a litigant cannot seek relief under the APA where adequate review procedures already exist because 'Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action.'"  <u>Mittleman v. King</u>, No. Civ.A 93-1869 SSH, 1997 WL 911801, at *4 (D.D.C. Nov. 4, 1997) (quoting <u>Bowen v. Massachusetts</u>, 487 U.S. 879, 903 (1988)).

Here, plaintiff alleges in his background and claims section of his petition that he sent an informal request to the U.S. Bureau of Land Management (BLM) requesting that it provide proof of what was written in the record regarding his history, to which the BLM did not respond.  (Pet'n for Review at 2.)  Plaintiff alleges that, before that time, and since then, BLM has been compiling and handling inaccurate information and records in an unlawful and unethical manner regarding him.  Plaintiff requests relief in the form of requiring defendants to provide proof that the present and historical record regarding him is accurate and complete; requiring defendants to amend the record with the accurate record provided by him; requiring defendants to omit and discard the "hate mail" received from Melinda Cate; and other relief as to which it is unclear whether it would be allowed under an APA review of agency action.  In his opposition to defendants' motion to compel, plaintiff makes clear that this case is an APA case and is not a Privacy Act case.

It appears from a review of plaintiff's claims and citation of statutes and regulations, that an adequate remedy exists to address plaintiff's claims by way of civil remedies as provided by the Privacy Act, 5 U.S.C. § 552a.  5 U.S.C. § 552a(g) provides for civil remedies for the action or inaction by defendants of which plaintiff complains.  See <u>Brem-Air Disposal</u>, 156 F.3d at 1003-05 (court lacked jurisdiction over APA claim where Resource Conservation and Recovery Act (RCRA)

Findings and Recommendation - 3

citizen-suit provision constituted an adequate remedy); <u>Mittleman v. U.S. Treasury</u>, 773 F. Supp. 442, 448-49 (D.D.C. 1991) (APA claim dismissed where Privacy Act provided remedy for relief).

Plaintiff contends in his response to defendants' motion to compel that there is no other adequate remedy to allow for the proofs and amendments of the falsified records because "the Privacy Act case" has been dismissed and "the government has neglected to respond in appropriate manners." (Pl. Resp. at 2.) Plaintiff's reference to "the Privacy Act case" is apparently a reference to the case, <u>Ware v. Department of the Interior</u>, Civ. No. 03-3080-CO, in which the court dismissed plaintiff's claim for violation of the Privacy Act because it was barred by the applicable two-year statute of limitations (#71 Order adopting #60 Findings and Recommendation). (<u>See</u> Pl. Resp. at 1.) To the extent that plaintiff is arguing that a remedy under the Privacy Act is not adequate because the remedy would be barred by the statute of limitations, the court rejects that contention. The statute of limitations is a matter of defense and does not go to whether a remedy is an adequate remedy. See <u>Mittleman</u>, 773 F. Supp. at 449-51 (after finding that Privacy Act was adequate remedy barring APA claim, court dismissed some of Privacy Act claims as barred by statute of limitations); <u>see also</u> <u>Brem-Air Disposal</u>, 156 F.3d at 1005 ( sixty-day notice requirement of RCRA did not make RCRA suit inadequate remedy; failure of plaintiff to provide such notice precluded court from reviewing claim as an RCRA claim).

On this record, the court finds that, because the Privacy Act provides an adequate remedy for plaintiff's claims, it lacks jurisdiction under the APA, 28 U.S.C. § 704. Accordingly, this case should be dismissed on the ground of lack of jurisdiction.

**FINDINGS AND RECOMMENDATION**

Based on the foregoing, it is recommended that this case be dismissed for lack of jurisdiction

Findings and Recommendation - 4

and that defendant's motion to compel (#9) be denied as moot.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals*. **Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.** *The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten days within which to file a response to the objections*. **Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.**

        DATED this __ 28_____ day of February, 2006.

        _____/s/_____
        UNITED STATES MAGISTRATE JUDGE

Findings and Recommendation - 5